BAKER, (SCHAUM v.)　　See Case No. 12,440.
BAKER, (SIMMS v.)　　See Case No. 12,868.
BAKER, (SMITH v.)　　See Case No. 13,010.

## Case No. 781.

### BAKER et al. v. SMITH et al., (two cases.)

[1 Holmes, 85.][1]

Circuit Court, D. Massachusetts.　Jan., 1872.

APPEAL — REVIEW — WEIGHT OF EVIDENCE — DISPUTED QUESTION OF FACT.

On an appeal from a decree of the district court, based wholly upon its finding on a disputed question of fact, the burden is on the appellant to show affirmatively a mistake in the finding. The decree will not be reversed where the evidence is such as merely to raise a doubt in regard to the question of fact.

[Cited in The Maggie P., 25 Fed. 206.]

[See The Grafton, Case No. 5,655; The Sunswick, Id. 13,625; Taylor v. Harwood, Id. 13,794.]

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

[1] [Reported by Jabez S. Holmes, Esq., and here reprinted by permission.]

Admiralty appeals from [unreported] decrees of the district court of [the United States for the district of] Massachusetts in cases of cross-libels for damages caused by a collision between the schooners Nellie Doe and Trade Wind. The only question in the cases was whether or not the Trade Wind had a proper light at the time of the collision.

T. M. Stetson for appellants.
Marston & Crapo, for appellees.

SHEPLEY, Circuit Judge. These cases, which were heard and tried together, are appeals from the decrees [unreported] of the district judge for the district of Massachusetts, sustaining the libel of the owners of the Trade Wind against the Nellie Doe, and dismissing, with costs, the libel of the owners of the Nellie Doe against the Trade Wind.

The cases, which grew out of a collision between the two vessels in Vineyard sound, about three miles northerly of Cape Pogue, present, for the consideration of the court, questions purely of fact. In cases of this description there is usually great discrepancy and conflict in the testimony of the witnesses; and where the decision of the district judge is based entirely upon his finding upon a disputed question of fact, and no error is alleged in his application of the law to the facts, parties can hardly expect this court to reverse such a decree, merely by raising a doubt founded on the number or credibility of the witnesses. The appellant, in such a case, has all the presumptions against him, and the burden of proof cast on him affirmatively to show some mistake, made by the judge below, in the law or the evidence. It will not do to show that on one theory, supported by some witnesses, a different decree might have been rendered, provided there be sufficient evidence, to be found in the record, to establish the one that was rendered. The Marcellus, 1 Black, [66 U. S.] 417.

On the twenty-first day of January, 1868, the schooner Trade Wind was lying at anchor in the Vineyard sound, two or three miles north-east by east from Cape Pogue. There was a fresh wind from east to north-east. The weather was cloudy or misty, and there had been some snow-squalls. But it was not foggy, nor was the air so obscured that a vessel's light could not have been seen at a considerable distance, and, by a proper lookout, at a sufficient distance to have avoided a collision. The Trade Wind does not appear to have been anchored in an unusual place, or moored in an unusual manner. She was anchored in a "fairway," under circumstances in which she was bound "to exhibit, between sunset and sunrise, where it could best be seen, at a height not exceeding twenty feet above the hull, a white light in a globular lantern of eight inches in diameter, and so constructed as to show a clear, uniform, and unbroken light, visible all around the horizon, and at a distance of at least one mile," as provided in art. 7 of the act of April 29, 1864, (4 Stat. 259).

The schooner Nellie Doe had been at anchor in the early part of the night off Chatham. She had got under way, and was running for Holmes Hole, with the wind free, with mainsail, foresail, and two jibs set; and about about half-past three in the morning, sailing in a westerly direction up the sound, she ran into the Trade Wind, and both vessels were damaged.

The only negligence on the part of the Trade Wind specifically charged in the answer of the claimants of the Nellie Doe is in the allegation that the Trade Wind was "at anchor in the frequented track of vessels, without showing any signals, lights, or any mode whatever of notifying her presence to vessels on their course, and totally invisible to and unseen by the officers and crew of the Nellie Doe."

If the proof sustains this allegation, then the Trade Wind was in fault.

The master, mate, and one seaman, on board the Trade Wind, testify affirmatively and positively that there was a white light in the starboard fore-rigging, about fifteen or twenty feet above the deck; that it was a globe lantern, such as is generally used for a signal lantern on vessels of that class, and that it was burning brightly at the time of the collision; and the testimony of Sylvia, a Portuguese sailor on the Trade Wind, who was examined on other points in behalf of the Nellie Doe, tends to confirm the testimony of the three other witnesses, so far as the light is concerned.

Five witnesses from the Nellie Doe testify that they did not see a light on the Trade Wind, and most of them are quite positive that if there had been a light burning they could have seen it. And it is quite clear from all the testimony in the case that the light, if brightly burning, could have been seen that night at a distance of at least a mile, by persons who were looking for a light. But, taking into consideration the affirmative character of the testimony on the one side, and the merely negative character of the testimony on the other, after a careful review of all the testimony, and taking into consideration all the attending circumstances,—the relative position of the two vessels, the position of the sails of the Nellie Doe, the direction from the vessels of the West Chop Light,—it seems not difficult to explain the apparent contradiction in the testimony, by the fact that the light of the Trade Wind was obscured from the lookout on the Nellie Doe by the intervention of the sails of the Nellie Doe at a time when the eyes of those on board the Nellie Doe were so intently strained in looking in a different direction for the West Chop Light, that they failed to discover the light of the Trade

Wind, which they might readily have done had they been looking in that direction.

Although the evidence on this point cannot be fairly considered as of a character not likely to raise a doubt in relation to the facts so affirmatively and positively testified to by the witnesses from the Trade Wind, yet it cannot be considered as affirmatively showing that there was any mistake in the finding of the district judge upon this question of fact. On the other hand, the preponderance of the evidence seems to sustain the decree of the court below. Decree affirmed, with costs.