In the matter of the assignment for the benefit of creditors of MAURICE BROWNING and GEORGE BROWNING, trading, &c., as BROWNING BROTHERS.

[Filed April 27th, 1904.]

1. An assignment for the benefit of creditors, executed in Pennsylvania, with nothing in the instrument to indicate that it is to be performed elsewhere, is a Pennsylvania contract, without reference to the domicile of the assignor.

2. A New Jersey orphans court has no jurisdiction of an assignment for the benefit of creditors made in Pennsylvania, protecting creditors substantially as provided by the New Jersey statute, though assets exist in New Jersey and the assignment is recorded there.

On appeal from a decree of the orphans court of Camden county.

*Mr. Joseph Gaskill, Mr. Herbert A. Drake* and *Mr. Norman Grey,* for the appellants.

*Mr. Martin V. Bergen* and *Mr. David J. Pancoast,* for the appellee.

REED, VICE-ORDINARY.

These appeals are from a decree of the orphans court of Camden county, by which that court denied the petition of certain

creditors that the assignee should make distribution of the assets in his hands in this state. The denial of the petitions was put upon the ground that the assignment was a Pennsylvania transaction, and that the New Jersey court should not take further jurisdiction over the matter.

I agree in the conclusion of the learned judge in the court below that the firm (the assignor) must be regarded as domiciled in the city of Philadelphia when the assignment was executed. Whether, however, it was or was not so domiciled, the assignment, having been executed in Philadelphia, and there delivered to the assignee, with nothing in the instrument to indicate that it was to be performed elsewhere, it is to be regarded as a Pennsylvania contract. The point to be resolved is whether an orphans court of this state, by force of the terms of our act to secure creditors an equal and just division of the assets of debtors who convey to assignees for the benefit of creditors, can take control of a foreign assignment.

That jurisdiction cannot attach to a domestic court in this class of proceedings, by force of that act, is entirely clear.

The course of procedure in administering an assigned estate, according to the terms of our statute, is referable solely to an assignment made in or to be performed in this state.

There is not the least doubt respecting the power of the courts of Pennsylvania to take cognizance of the administration of this assignment. The assignee, the moment he accepted the trust and placed the assignment in the office of the recorder of deeds, became vested with a complete title to all the property of the assigning firm. *Bank* v. *Holmes, 85 Pa. St. 231.* Either an acceptance by the assignee or a deposit for record by the assignor without the assignee's acceptance, irrevocably vested the beneficial interest in the property in the creditors.

When the assignee accepted the trust he became bound to administer it under the supervision of the courts of the State of Pennsylvania. He became responsible to account in that court for all the assigned property which passed to him under the instrument creating the trust. Inasmuch as it appeared that there existed no substantial difference between the rights

of creditors under this instrument and under an assignment executed in accordance with the terms of our statute, it follows that upon the delivery of the present assignment all the property of the firm, whether it had its *situs* in Pennsylvania or New Jersey, at once passed to the assignee. The power of the assignee to administer the property became immediately complete, and an obligation at once rested upon him to render his account for administration in the court in which jurisdiction over the proceedings had attached. It is perceived, therefore, that if another assignment had been made in New Jersey, immediately after the execution and acceptance of this in Pennsylvania, the latter instrument would have passed nothing, for the title to all was already in the assignee. This being the position of the assignment when the original instrument was recorded in this state, neither his title in the property, as trustee, nor his duty to administer it as such, was in the least degree changed by the second record; he still remained liable to render his account in the Pennsylvania tribune.

In this situation, it appears clear that when the jurisdiction of the New Jersey court was challenged by an interested party it was the duty of that court to arrest all further proceedings in the way of administration, and to discharge the assignee from an order to distribute the fund under direction of our court, which order, if obeyed, would, in my judgment, have left him liable to again account in Pennsylvania.

My conclusion is that the decree below must be affirmed.